IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Crim. No. 07-43-SLR |
| ) | |
| JEREMY BRUMMELL, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM ORDER**

At Wilmington this 13th day of February, 2013, having considered defendant's motion for reconsideration and the papers submitted in connection therewith;

IT IS ORDERED that defendant's motion (D.I. 65) is denied for the following reasons;

1. On October 17, 2011, defendant[1] filed a pro se motion for retroactive application of the United States Sentencing Guidelines ("U.S.S.G."), pursuant to 18

---

[1] On November 17, 2008, the court sentenced defendant to 138 months of imprisonment for: (1) conspiracy to possess with intent to distribute 50 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) & 846; and (2) possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) & 924(a)(2). (D.I. 41) Based on a drug quantity of 1.5 kilograms to 4.5 kilograms of crack, the U.S.S.G. established defendant's base offense level at 34. A two-level specific offense enhancement for possession of a dangerous weapon pursuant to U.S.S.G. § 2D1.1(b)(1) brought defendant's offense level to 36. After a three-level downward adjustment for acceptance of responsibility, defendant's total offense level was 33. The resulting guideline range recommended a sentence of 210 to 262 months, with 240 months as the statutory minimum. Prior to sentencing, plaintiff filed a motion pursuant to 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1 requesting a sentence below the twenty-year mandatory minimum sentence and recommended a sentence in the range of 168-180 months. (D.I. 32)

U.S.C. § 3583(c).[2] (D.I. 57) He asserts that a sentence reduction is warranted in light of: (1) the changes made to the U.S.S.G. drug quantity tables; and (2) the rehabilitative efforts he has made while incarcerated. (D.I. 57, 60)

2. The court issued a briefing schedule on January 6, 2012. (D.I. 92)

3. On January 11, 2012, Chief Judge Gregory M. Sleet signed an administrative order appointing the Federal Public Defender for the District of Delaware ("FPD") to represent defendants who had previously "been entitled to appointment of counsel, or who have been incarcerated continually for more than 18 months," to determine, inter alia, whether they may "qualify to seek reduction of sentence, and to present any motions or applications for reduction of sentence, in accordance with the revised offense levels for cocaine base [crack] at U.S.S.G. § 1B1.10, Amendment 750,[3] effective November 1, 2011."
http://www.ded.uscourts.gov/sites/default/files/general-orders/Cocaine-Sentence-Reduction_01-11-12.pdf.

4. On January 24, 2012, plaintiff moved for an extension of time in which to file a response and requested, consistent with the administrative order, that the FPD be appointed to file an initial response to defendant's motion. (D.I. 61)

5. On February 2, 2012, the FPD filed a motion to withdraw from representation

---

[2]Generally, a court cannot modify a term of imprisonment once it has been imposed, except in limited circumstances, such as the "case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2).

[3]Amendment 750 revised the offense levels for crack quantity guidelines and was made retroactive. U.S.S.G. § 1B1.10(c).

2

of defendant, asserting that defendant was not eligible for the retroactive reduction for the following reasons:

> (a) Defendant was a drug recidivist under 21 U.S.C. § 851, and was subject to an enhanced statutory minimum sentence of 20 years imprisonment;
> (b) Even if the U.S.S.G. amendments were applicable, the guideline minimum sentence would remain 20 years imprisonment; and
> (c) There are no changed circumstances which support an additional downward variance or reduction.

(D.I. 62 at ¶ 3) On February 6, 2013, the FPD's motion was granted. (D.I. 63)

6. On February 7, 2012, the court denied defendant's motion for sentence reduction, finding that he was ineligible for the crack retroactivity reduction under Amendment 750.[4] (D.I. 64)

7. On March 19, 2012, defendant filed the instant motion for reconsideration, asserting that the court inadvertently entered the order before receiving and considering plaintiff's response to the FPD's motion. (D.I. 65) He further avers that his sentence should be reduced to 120 months imprisonment.

8. Plaintiff has filed a response opposing reconsideration and asserting that defendant is not eligible for sentence modification under § 3582(c)(2). (D.I. 67)

9. The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Accordingly, a court should only alter or amend its judgment if the movant demonstrates at least one of the

---

[4]Defendant's base offense level was calculated at 34, based on a drug quantity of 1.5 kilograms to 4.5 kilograms of crack. (D.I. 67 at Attach. A) Amendment 750 did not change this offense level because U.S.S.G. § 2D1.1 maintained the same base offense level of 34 for offenses involving 1.5 kilograms of crack. § 2D1.1(c)(3).

3

following: (1) a change in the controlling law; (2) availability of new evidence not available when summary judgment was granted; or (3) a need to correct a clear error of law or fact or to prevent manifest injustice. *See id.*

10. Considering this authority against the record at bar, the court finds that defendant has not presented anything to change its conclusion that Amendment 750 does not apply to modify his base offense level downward.

United States District Judge